**Richard BELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44177.**

Court of Criminal Appeals of Texas.

Nov. 2, 1971.

Rehearing Denied Nov. 30, 1971.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle and Robert T. Baskett, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery; the punishment, fifty (50) years.

Appellant's court appointed attorney on appeal advances two grounds of error. He first contends that the counsel for the State committed reversible error when, in the course of his argument, he said, "Even his own attorney doesn't believe his story." He candidly admits that the Court sustained his trial attorney's objection, that trial counsel asked for no further relief,

and that if this Court adheres to its holding in Van Skike v. State, 388 S.W.2d 716 (1965), he has no reversible error. But we will pursue the matter further. Appellant originally plead not guilty. During the course of his testimony he first stated he was on the outside of the store and observed the robbery in progress but had no advance knowledge that such was going to take place. He then admitted that when the robbers came out of the store one of them handed him a bag of money and told him to put it in an automobile. At this juncture his counsel advised him in the presence of the jury to change his plea to that of guilty.[1] After proper admonishment he did so and his plea of guilty was accepted. In view of this it is obvious that his trial attorney did not believe his first version of the affair and the State counsel's comment was clearly proper.

 His second ground of error is that the trial court erred in permitting the State to cross-examine appellant as to other charges pending against him and as to other arrests. The record reflects the following colloquy:

"Q (Attorney for Defendant): And it is not your intention to mislead them, that's the only trouble you have been in?

"A (Defendant): Yes, only trouble.

"Q Are you baring your soul, that's it?

"A That's it."

On re-cross examination by the State, the appellant testified that he had been arrested and charged with theft of auto parts in Port Allen, Louisiana, on March 27, 1964; that he had been arrested for simple battery in Port Allen on July 28, 1967; and that he had been indicted for robbery on one other occasion. No objection was made. In light of defense counsel's question and this court's holding in Barnett v. State, 445 S.W.2d 205, 210 (1969), we conclude the ground of error should be overruled.

Finding no reversible error, the judgment is affirmed.

---

1. It would appear to be better practice to confer with his client in the absence of the jury.